909 F.2d 1488
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Dennis Jay HEINLEN, Plaintiff-Appellant,
v.
Sandy SKELTON, Classification Programs Supervisor, ASPC,
Douglas, AZ; Larry Hughes, Deputy Warden, ASPC, Douglas,
AZ; Samuel Lewis, Director, ADOC, Phoenix, AZ; Duane Vild,
Warden, ASPC, Douglas, AZ, Defendants-Appellees.
 No. 88-2557.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1990.*
Decided July 31, 1990.
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Jay Heinlen, an inmate, filed this action against various officials of the Arizona Department of Corrections under 42 U.S.C. Sec. 1983, alleging they were deliberately indifferent to his serious medical needs in violation of the eighth and fourteenth amendments. Specifically, he claims they failed to respond to his need for transfer to another facility after medical personnel had determined he suffered from an allergic reaction to an unknown environmental element at the facility where he was incarcerated. Heinlen also alleges that certain of the appellees had a duty to train the medical personnel how to respond to a prisoner's need for medical transfer, and that they breached their duty by being unaware of their role in transferring prisoners.
 
 
 3
 Appellees contend that they have no such duties and maintain that any delay in responding to Heinlen's needs amounted to mere negligence, which does not reach the deliberate indifference standard set forth in Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 4
 Appellees moved to dismiss Heinlen's action for failure to state a claim upon which relief can be granted. Because their motion was supported by affidavits, the district court, pursuant to Fed.R.Civ.P. 12(b), construed it as a motion for summary judgment. The district court granted the motion, holding that Heinlen's allegations, if proved, amount to no more than mere negligence. We affirm in part and reverse in part.
 
 I.
 
 5
 We affirm a summary judgment only if, viewing the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the district court correctly applied the substantive law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986).[1]
 
 
 6
 While at the Douglas correctional facility, Heinlen developed a severe irritation in both eyes resulting in fluid secretion, redness, scaling and flaking. Some mornings, upon waking, he needed help from other inmates to open his eyes. He sought medical treatment and was given medication. When his condition persisted, prison medical personnel determined he was probably suffering an allergic reaction to something in the environment at the Douglas facility and concluded he should be transferred to a different facility.
 
 
 7
 Heinlen sent Skelton, a classification/parole supervisor, an inmate kite on October 14, 1986, which told her that he had an allergic condition, and requested a transfer.[2] See Complaint, Exhibit D. Skelton responded on October 17, telling Heinlen that a recommendation for transfer would have to come from the medical department because Heinlen's problem was medical. Heinlen alleges that he saw Dr. Young and that Dr. Young requested a transfer for him.[3]
 
 II.
 
 8
 The district court granted summary judgment in favor of Skelton, determining that, as a matter of law, Skelton's conduct did not constitute deliberate indifference. We agree.
 
 
 9
 There is no evidence from which it could be inferred that Skelton knew anything about Heinlen's situation except that Heinlen had an eye problem, and that Heinlen believed Dr. Young had filled out a form recommending transfer. Skelton told Heinlen to check with medical when no action had been taken, and she heard nothing more from Heinlen. On these facts Skelton's inaction amounts at most to negligence, not deliberate indifference.
 
 III.
 
 10
 Heinlen alleges that Deputy Warden Hughes, Skelton's superior, received Dr. Young's memo, but did nothing. See Complaint, Addendum to IV, paragraphs 52, 110. Hughes' affidavit indicates that he did not receive the Young memo until December 11, 1987, after Heinlen filed this suit; he had no knowledge of Dr. Young's having recommended a transfer until then; and that he would have disregarded it in any event because it was unsigned. Hughes Affidavit at 2; see also Young Affidavit at 1. Accepting the facts Heinlen alleges as true, Hughes' failure to follow up on an unsigned memorandum does not raise a genuine issue as to deliberate indifference.
 
 IV.
 
 11
 Heinlen alleges that Duane Vild, the warden in charge of the Douglas facility, and Samuel Lewis, the director of the Arizona Department of Corrections, implemented a new inmate classification system without instructing medical personnel how to accomplish medical transfers.
 
 
 12
 Inadequate training may form the basis for a claim against supervisory personnel "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [trained personnel] come into contact." City of Canton v. Harris, 109 S.Ct. 1197, 1204 (1989) (defining scope of municipal liability under failure to train theory). "[T]he focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." Id. at 1205-06.
 
 
 13
 On this claim the district court's denial of Heinlen's request for discovery was an abuse of discretion. Program Eng'g, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1193 (9th Cir.1980); Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988). Even though it does not appear on the record before us that Heinlen has established a cause of action against Vild or Lewis, we are unable to conclude as a matter of law that these claims are without substance.
 
 
 14
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 15
 Heinlen sent a second kite to Skelton on November 19, 1986, telling her that Dr. Young had filled out a form recommending transfer three weeks earlier. See Complaint, Exhibit E. Skelton responded on November 24 that since his requested transfer was for medical reasons, she had no involvement in it and that he should check with medical. Heinlen alleges that he returned to sick call but there is no indication that he gave any further information to Skelton. Eventually he was transferred, after a riot at Douglas, and his eye condition improved.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Heinlen submitted no affidavit to the district court in opposition to appellees' motion for summary judgment. The pleadings of a pro se litigant must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Inasmuch as Heinlen's complaint was executed and filed under penalty of perjury, we consider its allegations as having the same force as if they were set out in an affidavit. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir.1987) (pro se's verified complaint considered in opposition to motion for summary judgment); see Tanner v. Heise, 879 F.2d 572, 577 (9th Cir.1989) (construing pro se's "Declaration of Facts" as equivalent of affidavit). We shall likewise consider the documents Heinlen included as exhibits to his complaint
 
 
 [2]
 Heinlen's complaint also alleged that Skelton knew of Heinlen's medical problems from several encounters with him in the unit. See Complaint, Addendum to IV, p 25
 
 
 [3]
 The Young memorandum is unsigned. Appellees challenge its authenticity, but we assume that it was authentic for purposes of this motion